**FEIN, SUCH, KAHN & SHEPARD PC**
Counsellors at Law
7 Century Drive - Suite 201
Parsippany, New Jersey 07054
(973) 538-9300
Attorneys for Secured Creditor
MELISSA N. LICKER, ESQ. (ML-5973)
YCH035

|  |  |
| --- | --- |
| IN RE:<br><br>YOUNG JA CHOI,<br><br>   Debtor. | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br><br>Chapter 13<br><br>Case No. 09-37848 RG<br><br>**OBJECTION OF CHASE HOME FINANCE LLC TO CONFIRMATION OF DEBTOR'S PLAN**<br><br>Hearing Date: February 03, 2010 |

I, MELISSA N. LICKER, ESQ., do hereby certify as follows:

1.  I am an attorney at law of the State of New Jersey associated with the law firm of FEIN, SUCH, KAHN & SHEPARD, PC, attorneys for CHASE HOME FINANCE LLC, ("Secured Creditor" herein), and I am fully familiar with the facts and circumstances of the within matter.

2.  Secured Creditor objects to confirmation of Debtor's plan for the reasons which follow:

(a)  Secured Creditor holds the first mortgage on Debtor's residence which is located at 54 DORA STREET, HARRINGTON PARK, NJ 07640.  As of the date of the bankruptcy filing, Debtor was in default on the terms of the Note and Mortgage.  Total arrears due to Secured Creditor through the plan is $131,220.91 and the total claim at the time of filing was $735,903.71.  A Copy of

the Proof of Claim is on file with the Court.

(b) Paragraph 3(a) of the Debtor's proposed Plan provides for payment of arrears of $69,120.00 to the Secured Creditor. Debtor's proposed plan is insufficient in that it understates the amount of Secured Creditor's arrears that are required to be cured through the Plan.  Absent a modification by the Debtor to include the correct amount of arrears, this plan can not be confirmed.

(c) In reviewing Debtor's Schedules I and J it is not clear whether Debtor has the additional income needed to fund the plan at the correct arrearage amount.  Schedule J of Debtor's petition indicates Debtor's disposable income in the amount of $5,210.00, but fails to include any monthly mortgage payment. Other problems with Debtor's Schedule J are enumerated below. Debtor's plan proposes to pay $544.50 into the plan each month. There may not be enough income from the Debtor to support Debtor's plan to pay the correct amount of arrears due to Secured Creditor. Feasibility of Debtor's plan should be closely scrutinized.

(d) The Debtor is a self-employed.  As a self-employed Debtor, the Debtor is subject to 11 U.S.C. Sec. 1304.  Thus, the Debtor must file a post-petition operating reports.  To date, none have been filed.  Debtor's schedules show excess income of $5,210.00 per month.  However, Schedule J of Debtor's petition detailing monthly expenses, fails to include any expenses associated with the operation to Debtor's business.  Inclusion of a more reasonable amount for these expenses would reduce the excess

monthly income and render the plan unfeasible.

(e)    Furthermore, Secured Creditor objects to Debtor's confirmation in that if the Debtor is post-petition delinquent at confirmation and Debtor's case is dismissed then any excess funds that the Chapter 13 Trustee is holding should be released to the Secured Creditor.  Absent the release of such excess funds in the possession of the Trustee, Secured Creditor is substantially harmed as the Debtor has enjoyed the benefit of the automatic stay to the detriment of Secured Creditor.  Absent such language in the Order of Confirmation, confirmation of Debtor's plan must be denied.

3.  For the reasons stated above, and for any others that the Court deems fit to adopt, Secured Creditor respectfully objects to Debtor's plan and confirmation thereof.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

DATED: January 25, 2010          **FEIN, SUCH, KAHN & SHEPARD, PC.**
                                 Attorneys for the Secured
                                 Creditor, CHASE HOME FINANCE LLC


                                 By:/S/MELISSA N. LICKER, ESQ.


cc:  NA-KYUNG KANG - DEBTOR'S ATTORNEY
     YOUNG JA CHOI - DEBTOR
     MARIE-ANN GREENBERG, ESQ. - TRUSTEE